**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHERYL M., | |
| Plaintiff, | Civil Action No. 24-8331 (MAS) |
| v. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Cheryl M.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying her request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court remands the matter to the Commissioner for further proceedings consistent with this Memorandum Opinion.

## I.    BACKGROUND

In this appeal, the Court must determine whether the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with a brief background of the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Ord. 2021-10.

### A.    Procedural Posture

#### 1.    *Plaintiff's 2017 Application for Disability Insurance Benefits and SSI*

On May 19, 2017, Plaintiff filed an initial application for disability insurance benefits and SSI, alleging a disability onset date of May 2, 2013. (AR 142.)[2] Following an initial determination and reconsideration denying her benefits, Plaintiff requested a hearing with an ALJ, at which time Plaintiff amended her alleged onset date to October 1, 2017. (*Id.*) The ALJ who conducted the hearing (the "2020 ALJ") issued a partially favorable decision, finding that Plaintiff "was not disabled prior to March 25, 2020, but became disabled on that date and has continued to be disabled through the date of this decision [March 30, 2020]." (*Id.* at 138, 154.) SSI, however, also has certain non-medical eligibility requirements, and following the 2020 ALJ's decision, the Social Security Administration (the "Administration") determined that Plaintiff was ineligible to receive SSI payments from December 2019 to June 2021 because she had transferred $15,000 to her daughter in November 2019.[3] (*See id.* at 182); 20 C.F.R. § 416.1205.

#### 2.    *Plaintiff's 2021 Application for SSI*

Rather than appeal the Administration's 2020 determination regarding her financial status, Plaintiff filed a second application for SSI on July 1, 2021, this time alleging a disability onset date of March 25, 2020, the date upon which the 2020 ALJ determined that Plaintiff was first disabled. (*Id.* at 276-285.) The Administration, however, denied the request both initially and on

---

[2] The Administrative Record ("AR") is found at ECF No. 4. The Court will reference the relevant pages of the AR.

[3] To be eligible for SSI, an individual's countable resources must generally be below $2,000 for an individual or $3,000 for a couple. *See* 42 U.S.C. § 1382a(3)(A). Moreover, "[a] person who gives away a resource" may be ineligible for SSI unless "not getting SSI would cause undue hardship." (AR 183); *see* 20 C.F.R. § 416.1246. Here, the Administration determined that Plaintiff's transfer of funds to her daughter made her ineligible to receive SSI. (*See* AR 182-183.)

reconsideration. (*Id.* at 185-189, 199-206.) Thereafter, Plaintiff requested a hearing, and the ALJ held that hearing on March 16, 2023. (*Id.* at 209.) The ALJ issued a written opinion, where he determined that Plaintiff was not disabled since March 25, 2020, and could perform light work at a reduced level. (*Id.* at 77-89.) Plaintiff appealed that decision, and the Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-7.) This appeal followed. (ECF No. 1.)

**B.      The ALJ's Decision**

In his May 22, 2023 decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations. (AR 77.) He set forth the five-step process for determining whether Plaintiff is disabled. (*Id.* at 77-79.) At step one, the ALJ found that Plaintiff had not "engaged in substantially gainful activity" since July 1, 2021, the date of Plaintiff's application. (*Id.* at 79 (citing 20 § CFR 416.971, *et seq.*).) At step two, the ALJ found Plaintiff to have the following severe impairments: (1) degenerative disc disease with radiculopathy; (2) right knee osteoarthritis; (3) left foot plantar fasciitis; (4) carpal tunnel syndrome; and (5) obesity. (*Id.* (citing 20 C.F.R. § 416.920(c).) He further determined that Plaintiff's medically determinable mental impairments of depressive disorder, anxiety disorder, and PTSD were not severe and only caused minimal limitations on Plaintiff's ability to work. (*Id.* at 80.) At step three, the ALJ determined that Plaintiff did not have an impairment that medically equaled the severity of impairments under 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (*Id.* at 81.) The ALJ then found that Plaintiff had the residual functional capacity ("RFC"):

> to perform light work as defined in 20 C[.]F[.]R[.] [§] 416.967(b) except she can[:] occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; frequently balance; occasionally kneel, stoop and crouch, but never crawl; never be exposed to unprotected heights or hazardous machinery; and perform frequent reaching, fingering and handling.

(*Id.* at 82.)

3

In reaching this determination, the ALJ considered relevant medical records and concluded that Plaintiff's statements about the "persistence[] and limiting effects of her symptoms" were inconsistent with the record evidence, and that the record evidence "[did] not support a finding of disabling limitations" since Plaintiff's alleged onset date of March 25, 2020. (*Id.* at 84.) At step four, the ALJ determined that Plaintiff could perform relevant work as a receptionist. (*Id.* at 88.) Accordingly, the ALJ did not proceed to step five of the analysis.[4]

## II.    **LEGAL STANDARD**

### A.    **Standard of Review**

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

---

[4] Because the ALJ answered step four in the affirmative, "he did not need to reach step five in the sequential analysis." *Valenti v. Comm'r of Soc. Sec.*, 373 F. App'x 255, 258 n.1 (3d Cir. 2010); *see* 20 C.F.R. § 404.1520.

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

B.       **Establishing Eligibility for SSI**

To be eligible for SSI, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [she is] not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520. For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to SSI benefits. *Id.* If she cannot so demonstrate, the eligibility analysis proceeds to step four.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. *Id.* § 416.920(e). In doing so, the ALJ must consider all the claimant's impairments, including impairments that are not severe. *Id.* §§ 416.920(e), 416.945(a)(2); SSR 96-8p. Then, at step four, the ALJ determines whether the claimant's RFC permits her to resume previous employment. 20 C.F.R. §§ 404.1520(a)(4)(iv). If the claimant's RFC permits other employment, the claimant is not "disabled" and not entitled to SSI benefits. *Id.* If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See id.* § 404.1520(f). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant will receive SSI benefits. *Id.* § 404.1520(g).

## III.    **DISCUSSION**

Plaintiff asserts two challenges on appeal. (*See generally* Pl.'s Moving Br.) Plaintiff argues that: (1) the ALJ erred in failing to articulate what weight, if any, he gave to the 2020 ALJ's prior ruling; and (2) the ALJ's decision is not supported by substantial evidence. (*See id.*) Based on its review of the ALJ's decision and considering the specific record in the present case, the Court finds good cause to remand the matter.

On March 30, 2020, the 2020 ALJ found that Plaintiff was disabled and limited to sedentary work from March 25, 2020, through the date of her decision. (AR 142-154.) That decision was included in the record evidence before the ALJ, who evaluated Plaintiff's renewed claim for benefits with an alleged onset date of March 25, 2020. (*See generally id.*) The ALJ, however, concluded that Plaintiff was not disabled since March 25, 2020. (*Id.* at 88-89.) In finding Plaintiff not disabled and capable of performing light work since March 25, 2020, the ALJ's opinion is clearly at odds with the 2020 ALJ's opinion. Yet the ALJ's opinion is devoid of any mention of the 2020 ALJ's decision or findings. (*See id.* at 76-89.)

The Commissioner argues that the ALJ was not required to discuss the 2020 ALJ's decision because the two SSI applications were "temporally distinct." (Def.'s Opp'n Br. 14.) According to the Commissioner, because a claimant's eligibility for SSI begins on the date her application is filed, and here, Plaintiff's second application was filed after the 2020 ALJ issued her decision, the two applications involve different time periods. (*See* Def.'s Opp'n Br. 12-14 (contending that the "relevant period" for the application before the 2020 ALJ was October 1, 2017 through March 30, 2020, and that the "relevant period" for the application before the ALJ was July 1, 2021 through May 22, 2023).) In support of this contention, the Commissioner relies on *Mattei*, in which the Third Circuit held in a non-precedential decision that "nothing in the text, structure, history, or

purpose of the Social Security regulations requires an ALJ, reviewing a claim for an unadjudicated period, to give preclusive effect to an earlier administrative finding on a different claim concerning a different time period." *Mattei v. Comm'r Soc. Sec.*, No. 22-2721, 2023 WL 3479567, at *1 (3d Cir. May 16, 2023).[5]

The Court finds this argument unpersuasive. In *Mattei*, the claimant's second application alleged an onset date that succeeded the date of the prior ALJ's decision, and the second ALJ made no findings regarding the period previously adjudicated by the prior ALJ. *See Mattei v. Kijakazi*, No. 21-1022, 2022 WL 3700910, at *1 (W.D. Pa. Aug. 26, 2022), *aff'd sub nom.*, *Mattei*, 2023 WL 3479567 (explaining that the alleged onset date in the second application was April 26, 2019, and that the prior ALJ's decision was dated April 25, 2019). Here, by contrast, Plaintiff alleged a disability onset date of March 25, 2020, such that the ALJ's review in this case necessarily included a period that was previously adjudicated by the prior ALJ. *Mattei*, 2023 WL 3479567, at *1. Indeed, the ALJ made explicit findings regarding Plaintiff's disability status from March 25, 2020 to March 30, 2020. (*See, e.g.*, AR 88 (finding that "[Plaintiff's] limitations have not been disabling since the alleged onset date of March 25, 2020, and/or application date of July 1, 2021, through the date of this decision.") The ALJ, however, wholly failed to acknowledge that during this same period, Plaintiff had been found to be disabled and limited to sedentary work by the 2020 ALJ. (*See id.*) Nor did he explain why those prior findings were rejected. (*See id.*)

While the ALJ may not have been bound by the 2020 ALJ's determinations, the Court finds that the existence of overlapping adjudicated periods and materially different findings warranted, at the very least, some discussion. *See Carlson v. Saul*, No. 19-1008, 2020 WL 2490021, at *2

---

[5] The Third Circuit has not yet addressed this issue in a precedential decision. *See Bobby Jo M. v. Comm'r of Soc. Sec.*, No. 22-889, 2023 WL 6276699, at *11 (M.D. Pa. Sept. 26, 2023) (stating same).

(W.D. Pa. May 14, 2020) ("[A]n ALJ errs by failing to explicitly address [a prior ALJ's] findings and in not explaining what weight, if any, was given to that earlier decision."); *Babyak v. Berryhill*, 385 F. Supp. 3d 426, 430 (W.D. Pa. 2019) ("Although the ALJ was not bound by the prior RFC determination, the earlier findings are relevant. In making an RFC assessment, the Third Circuit court instructs the ALJ to consider all evidence before him.")

The Court further finds that the absence of any discussion regarding the 2020 ALJ's prior decision "does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence." *Razey v. O'Malley*, No. 23-1298, 2024 WL 4266554, at *6 (W.D. Pa. Sept. 23, 2024) (remanding the case for further consideration where the ALJ failed to consider a prior ALJ's findings in the record). Accordingly, "the Court finds that substantial evidence does not support the ALJ's decision in this case." *Id.*; *see Zavilla v. Astrue*, No. 09-133, 2009 WL 3364853, at *1 (W.D. Pa. Oct. 16, 2009) (finding that the ALJ's decision was not supported by substantial evidence and remanding the case for further proceedings where the ALJ failed to address a prior ALJ's findings and their applicability, if any, to the plaintiff's current application). Accordingly, the Court finds good cause to remand this matter.

## IV.  **CONCLUSION**

For the foregoing reasons, the Court hereby remands the case to the Commissioner for further proceedings consistent with this Memorandum Opinion. On remand, the ALJ shall consider and make specific findings regarding the 2020 ALJ's decision as it relates to the pending application. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE